

# Service of Process Transmittal Summary

**TO:** Charles J Reitmeyer, Vice President & Assoc. General Counsel
Aramark
2400 MARKET ST FL 8
PHILADELPHIA, PA 19103-3041

**RE:** Process Served in North Carolina

**FOR:** NLNC Hospitality, LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Re: BRENDA MILLER // To: NLNC Hospitality, LLC |
| DOCUMENT(S) SERVED: | Summons, Return, Complaint |
| COURT/AGENCY: | Buncombe County - Superior Court, NC<br>Case # 24CV02015 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition - 09/27/2022 |
| PROCESS SERVED ON: | C T Corporation System, Raleigh, NC |
| DATE/METHOD OF SERVICE: | By Traceable Mail on 05/23/2024 postmarked on 05/15/2024 |
| JURISDICTION SERVED: | North Carolina |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S)/SENDER(S): | Michael J. Greer<br>Hensley Cloninger & Greer, P.C.<br>366 Merrimon Avenue<br>Ashevill, NC 28801<br>828-225-3737 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/23/2024, Expected Purge Date: 05/28/2024 |
| | Image SOP |
| | Email Notification,  Charles J Reitmeyer  charles.reitmeyer@morganlewis.com |
| | Email Notification,  Denise Bolc  bolc-denise@aramark.com |
| | Email Notification,  Amy Golembo  golembo-amy@aramark.com |
| REGISTERED AGENT CONTACT: | C T Corporation System<br>160 Mine Lake CT, Suite 200<br>Raleigh, NC 27615<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |



The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



PITNEY BOWES
$8.93 ⁰
US POSTAGE℠
FIRST-CLASS
028W0002311246
2000085475
ZIP 28801
MAY 15 2024



Hensley Cloninger & Greer
Attorneys at Law
366 Merrimon Avenue
Asheville, North Carolina 28801

9589 0710 5270 1482 3524 55



NLNC Hospitality, LLC
160 Mine Lake Ct. Ste 200
Raleigh, NC 27615

| STATE OF NORTH CAROLINA | | File No. 24CVS 02015 |
|---|---|---|
| BUNCOMBE County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| BRENDA MILLER |
| Address |
| 310 Tiger Fox Drive |
| City, State, Zip |
| Lyman, SC 29365 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| NLNC HOSPITALITY, LLC |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| NLNC HOSPITALITY, LLC<br>160 Mine Lake Ct. Ste. 200<br>Raleigh, NC 27615 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Michael J. Greer<br>Hensley Cloninger & Greer, P.C.<br>366 Merrimon Avenue<br>Asheville, NC 28801 | 5-13-24 | 8:12 ☒ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 1:24-cv-00176-MOC-WCM   Document 1-1   Filed 06/21/24   Page 4 of 9

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF BUNCOMBE | FILED IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>2024 MAY 13A 8: 12 24 CVS 24CV_02015<br>BUNCOMBE CO., C.S.C.<br>BY_____ |
| BRENDA MILLER,<br><br>      Plaintiff,<br><br>vs.<br><br>NLNC HOSPITALITY, LLC,<br><br>      Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )     **COMPLAINT**<br> ) <br> ) <br> ) <br> ) |

Plaintiff, Brenda Miller, complaining of Defendant, NLNC Hospitality, LLC., alleges and says as follows:

## JURISDICTION AND PARTIES

1. Brenda Miller (hereinafter "Plaintiff" or "Ms. Miller") is a citizen and resident of Spartanburg County, South Carolina and was so at all times set forth herein.

2. NLNC Hospitality, LLC (hereinafter "Defendant NLNC" or "NLNC") is a foreign business entity organized and existing under the laws of the state of Delaware with its principal place of business in Bergen County, New Jersey.

3. At all times pertinent to this Complaint, employees and/or agents of NLNC were performing janitorial duties at Accordius Health (hereinafter "Accordius") in Brevard, Transylvania County, North Carolina, pursuant to a contract between NLNC and Accordius.

4. On or about September 27, 2022, Ms. Miller was performing nursing work at Accordius in Brevard, Transylvania County, North Carolina. Ms. Miller walked out of a patient's room and onto a wet hallway floor. The floor had very recently been mopped by an employee of NLNC. There were no wet-floor signs in the immediate vicinity, and there was no other manner in which the slickness of the floor was reasonably recognizable to Ms. Miller. The slickness of the floor caused Ms. Miller to fall, and to sustain serious physical injuries.

5. Ms. Miller has never been an employee of NLNC or of Accordius. At all times pertinent to this Complaint, she had been working at Accordius through her employer, a temp-agency.

## STATEMENT OF FACTS

6. On or about September 27, 2022, Ms. Miller presented to work at Accordius in Brevard, Transylvania County, North Carolina.

7. At the time and place set out above, Ms. Miller was attending to a patient in that patient's assigned room within the Accordius facility.

8. When Ms. Miller had walked into that patient's room, the hallway floor was dry and there was no reasonable indication that the floor had been or was about to be mopped.

9. While Ms. Miller was in that patient's room, an NLNC employee mopped the hallway immediately outside of that patient's room. The employee did not set up wet-floor signs or any other warnings or indications that would have given reasonable notice to Ms. Miller or to anyone else in the facility that the floor was wet and slick.

10. When Ms. Miller attempted to exit that patient's room, the hallway outside that room was wet and slippery due to the NCNC employee's mopping. There were no wet-floor signs or any other warnings that were reasonably visible or noticeable to Ms. Miller.

11. The slickness of the wet floor caused Ms. Miller to slip and fall, causing her injuries.

12. The aforementioned injuries caused Ms. Miller to scream. An LPN nearby heard the screams and tried to help Ms. Miller. This LPN had to hold on to the handrails because the floor was so slick. This LPN has provided statements indicating that there were no wet-floor signs in the hallway in which Ms. Miller fell, at that time of her fall.

## FIRST CLAIM FOR RELIEF

13. Paragraphs 1-12 of this Complaint are incorporated herein by reference.

14. At the time and place set out above, Ms. Miller had a reasonable expectation that the hallways would be clean and clear and free of hidden and unforeseeable hazards.

15. At the time and place set out above, Ms. Miller had a reasonable expectation that anyone in the facility that created a hazard for other occupants of the building, would provide adequate warning of said hazards.

16. At the time and place set out above, Ms. Miller had a reasonable expectation that anyone in the facility that created a hazard for other occupants of the building, would remedy those hazards, appropriately and in a timely manner.

17. At the time and place set out above, there was nothing obvious and/or reasonably discoverable under the existing conditions to give Ms. Miller reason to appreciate the dangerous nature of the wet floor at issue.

18. At the time and place set out above, the Defendant, through its employees/agents, allowed this hallway to become unreasonably dangerous by leaving on the floor, clear liquids, which were unobservable to others. This clear liquid caused Ms. Miller to slip and fall and to become injured as a result thereof. The Defendant compounded this problem by failing to maintain the premises in such a manner as to remove hidden dangerous conditions of which it was aware or should have been aware.

19. Ms. Miller's injuries are a direct and proximate result of the negligent acts and omissions of the Defendant, individually, and/or through its managers, supervisors, employees, and agents, as alleged herein. The Defendant was negligent in that it:

   a. failed to maintain the premises that it was paid to maintain, adequately and safely;

   b. caused the premises it was paid to maintain, to develop worse conditions – more dangerous conditions, without any warning to others that were expected to be in that area;

   b. failed to make reasonable and timely inspection of the premises to discover hidden perils and unsafe conditions then and there existing;

   c. failed to warn Ms. Miller of the dangerous, hidden condition of which Defendant knew or, by the exercise of reasonable care, should have discovered;

   c. failed to clear, correct, or make safe the dangerous, hidden condition of which it knew or, by the exercise of reasonable care, should have discovered;

   d. failed to properly train and supervise their employees in the proper and safe procedures for providing warning of the hazards posed by the wet floor at a time when workers and residents would be present and would foreseeably be walking on those wet floors; and

   e. was negligent in other ways as may be revealed through discovery and proven at trial.

20. As a direct and proximate result of Defendant's negligence, Ms. Miller suffered severe physical injuries. Upon information and belief, her injuries are permanent in nature.

21. As a result of the Defendant's negligence, Ms. Miller has suffered physical pain and mental anguish which, to a reasonable probability, may be permanent in nature.

22. As a result of the Defendant's negligence and her injuries, Ms. Miller has incurred medical expenses and, to a reasonable probability, will continue to incur such expenses in the future.

23. As a result of the Defendant's negligence, Ms. Miller has lost income and earning capacity and, to a reasonable probability, will continue to incur such losses in the future.

24. The negligent acts and omissions of the Defendant have been an actual, direct, producing, foreseeable, and proximate cause of damages to Ms. Miller.

25. As a direct and proximate result of the negligence of the Defendant and the injuries described above, Ms. Miller is entitled to compensatory damages for personal injury in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

**WHEREFORE**, Plaintiff prays the Court for the following:

1. That Plaintiff Brenda Miller have and recover of the Defendant compensatory damages for personal injury in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus interest as allowed by law;

2. That Plaintiff have and recover of the Defendant the costs of this action, and an attorneys' fees if by law allowed;

3. For trial by jury; and,

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 9th day of May, 2024.

HENSLEY CLONINGER & GREER, P.C.

Michael J. Greer
366 Merrimon Avenue
Asheville, North Carolina 28801
Telephone: 828-225-3737
Facsimile: 828-225-3736